# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANTS*
58 South Service Road, Suite 250
Melville, New York 11747
(631) 247-0404

ATTORNEY OF RECORD:
    Jeffrey M. Schlossberg, Esq.

Steven J. Moser, P.C.
*ATTORNEYS FOR PLAINTIFF*
3 School Street, Suite 207B
Glen Cove, New York 11542
(516) 671-1150

ATTORNEY OF RECORD:
    Steven J. Moser, Esq.

--------------------------------------------------------------------------------

LETICIA SANTAMARIA, individually and on behalf of all
others similarly situated,

                                 Plaintiff,

              -against-

NATURE'S VALUE, INC., RAM – FIN HOLDINGS,
INC.; OSCAR RAMJEET, and JOHN DOE
CORPORATIONS 1 THROUGH 10,

                           Defendants.

Case No. 15-cv-4535
(JMA) (GRB)

--------------------------------------------------------------------------------

## MEMORANDUM OF LAW IN SUPPORT OF THE PARTIES' JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFF'S COUNSEL AS CLASS COUNSEL, AND APPROVAL OF THE PROPOSED NOTICE OF SETTLEMENT AND CLASS ACTION SETTLEMENT PROCEDURE

## TABLE OF CONTENTS

**Page**

INTRODUCTION..................................................................................................................1
PROCEDURAL BACKGROUND ......................................................................................1
   I.   Overview of Investigation,...................................................................................1
   II.  Commencement of the Litigation .........................................................................2
   III. Discovery and Continued Settlement Discussions...............................................2
SUMMARY OF THE SETTLEMENT TERMS .................................................................3
   I.   The Settlement Fund ............................................................................................3
   II.  Release .................................................................................................................4
   III. Eligible Employees ..............................................................................................4
   IV. Allocation Formula ..............................................................................................4
   V.  Attorneys' Fees and Costs ...................................................................................4
CLASS ACTION SETTLEMENT PROCEDURE ..............................................................5
ARGUMENT .......................................................................................................................6
   I.   Preliminary Approval of the Settlement Is Appropriate ......................................6
      A.   The Settlement is Fair, Reasonable and Adequate ......................................8
   II.  Conditional Certification of the Rule 23 Settlement Class Is Appropriate ........12
      A.   Numerosity ...............................................................................................13
      B.   Commonality .............................................................................................13
      C.   Typicality ..................................................................................................13
      D.   Adequacy of the Named Plaintiffs ...........................................................14
      E.   Certification Is Proper Under Rule 23(b)(3) .............................................15
   III. PLAINTIFF'S COUNSEL SHOULD BE APPOINTED CLASS COUNSEL ........16
   IV. THE PROPOSED CLASS NOTICE IS APPROPRIATE.......................................16
   V.  PLAINTIFFS WILL SEEK APPROVAL OF THE FLSA SETTLEMENT ............17
CONCLUSION ..................................................................................................................18

## TABLE OF AUTHORITIES

**Cases**                                          **Page(s)**

*Amchen Products, Inc. v. Windsor,*
521 U.S. 591 (1997)..............................................15

*Ansoumana v. Gristede's Operating Corp.,*
201 F.R.D. 81 (S.D.N.Y. 2001) ....................................17

*In re Austrian & German Bank Holocaust Litig.,*
80 F. Supp. 2d 164 (S.D.N.Y. 2000)................................9

*City of Detroit v. Grinnell Corp.,*
495 F.2d 448 (2d Cir. 1974)...............................8, 10, 11

*Clark v. Ecolab, Inc.,*
No. 7-Civ-8623 (PAC), 2009 U.S. Dist. LEXIS 108736
(S.D.N.Y. Nov. 17, 2009) .........................................7

*Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.,*
502 F.3d 91 (2d Cir. 2007)......................................15

*County of Suffolk v. Long Island Lighting Co.,*
710 F. Supp. 1422 (E.D.N.Y. 1989) ..............................12

*D.S. v. N.Y.C. Dep't of Educ.,*
255 F.R.D. 59 (E.D.N.Y. 2008) .................................13

*Denney v. Deutsche Bank AG,*
443 F.3d 253 (2d Cir. 2006)....................................14

*In re Drexel Burnham Lambert Grp.,*
960 F.2d 285 (2d Cir. 1992)....................................14

*Dziennik v. Sealift, Inc.,*
No. 05 Civ. 4659 (DLI)(MDG), 2007 U.S. Dist. LEXIS 38701
(E.D.N.Y. May 29, 2007) .......................................14

*Frank v. Eastman Kodak Co.,*
228 F.R.D. 174 (W.D.N.Y. 2005)...............................7, 14

*Garcia v. Pancho Villa's of Huntingon Vill.,*
No. 09-CV-486 (ETB), 2012 U.S. Dist. LEXIS 144446
(E.D.N.Y. Oct. 4, 2012) .................................10, 11, 12

*Gen. Tel. Co. of Sw. v. Falcon,*
457 U.S. 147 (1982)............................................13

*Green v. Wolf Corp.*,
 406 F.2d 291 (2d Cir. 1968)..................................................................15

*In re Haupt & Co.*,
 304 F. Supp. 917 (S.D.N.Y. 1969) .......................................................10

*Karic v. Major Auto. Cos.*,
 No. 09-CV-5708 (CLP), 2016 U.S. Dist. LEXIS 57782
 (E.D.N.Y. Apr. 27, 2016)................................................................10, 14

*Kochilas v. Nat'l Merch. Servs.*,
 No. 1:14-cv-00311, 2015 U.S. Dist. LEXIS 135553
 (E.D.N.Y. Oct. 2, 2015)....................................................................4, 8

*Lovaglio v. W & E Hospitality Inc.*,
 No. 10 Civ. 7351 (LLS), 2012 U.S. Dist. LEXIS 72645
 (S.D.N.Y. Mar. 12, 2012) ......................................................................7

*Maley v. Del Global Techs. Corp.*,
 186 F. Supp. 2d 358 (S.D.N.Y. 2002)....................................................9

*Maywalt v. Parker & Parsley Petroleum Co.*,
 67 F.3d 1072 (2d Cir. 1995)..................................................................6

*McKenna v. Champion Intern. Corp.*,
 747 F.2d 1211 (8th Cir. 1984) ............................................................17

*Mendez v. U.S. Nonwovens Corp.*,
 314 F.R.D. 30 (E.D.N.Y. 2016) ...........................................................16

*Morris v. Affinity Health Plan, Inc.*,
 859 F. Supp. 2d 611 (S.D.N.Y. May 8, 2012) .....................................13

*Odom v. Hazen Transport, Inc.*,
 275 F.R.D. 400 (W.D.N.Y. 2011)..........................................................10

*Officers for Justice v. Civil Serv. Comm'n*,
 688 F.2d 615 (9th Cir. 1982) ...............................................................11

*In re PaineWebber Ltd. P'ships Litig.*,
 171 F.R.D. 104 (S.D.N.Y. 1997) ..........................................................10

*Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*,
 237 F.R.D. 26 (E.D.N.Y. 2006) ...........................................................13

*Shahriar v. Smith & Wollensky Rest. Group, Inc.*,
 659 F.3d 234 (2d Cir. 2011)................................................................13

*Sierra v. Spring Scaffolding LLC*,
   No. 12-cv-05160 (JMA), 2015 U.S. Dist. LEXIS 178006
   (E.D.N.Y. Sept. 30, 2015) .................................................................................12

*Spicer v. Pier Sixty LLC*,
   269 F.R.D. 321 (S.D.N.Y. 2010) ......................................................................14

*Sukhnandan v. Royal Health Care of Long Island LLC*,
   No. 12-Civ-4216 (WHP) (RLE), 2013 U.S. Dist. LEXIS 126004
   (S.D.N.Y. Sept. 3, 2013) .......................................................................7, 16, 17

*In re Traffic Exec. Ass'n*,
   627 F.2d 631 (2d Cir. 1980) ...............................................................................7

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
   396 F.3d 96 (2d Cir. 2005) .................................................................................6

*In re Warfarin Sodium Antitrust Litig.*,
   391 F.3d 516 (3d Cir. 2004) ...............................................................................9

*Yuzary v. HSBC Bank USA, N.A.*,
   No. 12 Civ. 3693 (PGG), 2013 U.S. Dist. LEXIS 61643
   (S.D.N.Y. Apr. 30, 2013) ....................................................................................7

**Statutes**

Fair Labor Standards Act ......................................................................... *passim*

New York Labor Law ................................................................................2, 14, 17

**Rules**

Fed. R. Civ. P. 23 ..................................................................................... *passim*

**Other Authorities**

Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* §§ 11.22 (4th ed.
   2002) ...............................................................................................5, 6, 7

## INTRODUCTION

Subject to Court approval, Plaintiff Leticia Santamaria ("Plaintiff"), a former employee of Nature's Value, Inc. ("Defendant Nature's Value", hereinafter referred to with Plaintiff and Defendants Ram-Fine Holdings, Inc. and Oscar Ramjeet as the "parties"), has settled this wage and hour class and collective action on behalf of herself and similarly situated employees for One Hundred Thousand Dollars ($100,000.00). The proposed settlement resolves Plaintiff's claims on a class-wide basis and satisfies all of the criteria for preliminary settlement approval under federal law.

With this motion, the parties respectfully request that the Court: (1) grant preliminary approval of the Joint Settlement Agreement and Release ("Settlement Agreement") attached as Exhibit A to the Affirmation of Steven J. Moser ("Moser Aff.")[1]; (2) for settlement purposes, conditionally certify the settlement class under Fed. R. Civ. P. 23[2]; (3) retain Steven J. Moser, P.C. as class counsel; and (4) approve the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Settlement Notice"), attached as Exhibit B to the Moser Aff., and direct its distribution.

## PROCEDURAL BACKGROUND

### I.   Overview of Investigation

Before initiating the instant action, Plaintiff's Counsel conducted thorough investigations, including factual investigation and legal research of the underlying merits of the class claims, the proper measure of damages, and the likelihood of class certification. Moser Aff.

---

[1]      Unless otherwise indicated, all exhibits are attached to the Moser Aff.

[2]      Defendants support certification of a settlement class without waiving their position and arguments that, settlement class aside, certification of a collective or class action in this case is unwarranted.

¶¶ 4-6. Plaintiff's counsel conducted in-depth interviews with Plaintiff to determine her hours worked, wages paid, the nature of her duties, time spent donning and doffing and other relevant information. *Id.* at 5.

## II.     Commencement of the Litigation

On August 4, 2015, Plaintiff Leticia Santamaria commenced this action on behalf of herself and all similarly situated non-exempt factory workers employed by Defendants. *Id.* at 7. Specifically, Plaintiff alleged Defendants violated the FLSA and NYLL when they failed to pay her and similarly situated non-exempt factory workers the proper minimum wages and overtime pay by requiring employees to work off-the-clock. *Id.* at 8.

## III.    Discovery and Continued Settlement Discussions

On January 11, 2016, Plaintiff served upon Defendants her First Request for the Production of Documents and First Set of Interrogatories. In response to Plaintiff's Demands, Defendants supplied to Plaintiff, *inter alia*, Plaintiff's employee files, time card reports, compensation records, factory door scans, handbooks, organizational charts, Standard Operating Procedures, training procedures and floor plans. *Id.* at 10.

Plaintiff's Counsel met with Plaintiff and Defendants' counsel at the work location regarding Defendants' time-keeping practices, donning and doffing, and compensation policies. *Id.* at 11. After visiting the worksite, reviewing, analyzing and digesting the hundreds of documents produced by Defendants in discovery and additional documents produced to Plaintiff pursuant to settlement discussions and synthesizing Class Members' data, Plaintiff's Counsel was able to prepare a class-wide damages analysis. *Id.* at 12. The parties engaged in settlement negotiations based upon Plaintiff's class-wide damages analysis and on May 9, 2016, jointly requested that Magistrate Judge Brown schedule a settlement conference. *Id.* at 13. The parties each submitted separate and confidential statements to Magistrate Judge Brown prior to the

conference. On June 17, 2016, a settlement conference was held before Magistrate Judge Brown wherein the parties agreed, after extensive negotiations and discussion, to settle Plaintiff's claims on a class-wide basis. Moser Aff. ¶ 15.

## SUMMARY OF THE SETTLEMENT TERMS

### I.    The Settlement Fund

The Settlement Agreement requires Defendants to make a Gross Settlement Payment ("GSP") of $100,000.00. *See* Exhibit A to the Moser Aff., Settlement Agreement ¶ 3.1(A). The GSP covers attorneys' fees and costs, class members' awards, a service payment to the named Plaintiff, the Claims Administrator's Fees, all payroll expense taxes, and fees associated with investing and liquidating the GSP. *Id.* Defendants shall fund the GSP as follows:

> By no later than 35 days after the Court grants final approval of the Settlement, Defendants shall pay the Claims Administrator $100,000.00 by deposit into the interest bearing Escrow Account.

*See Id.* at ¶ 3.1(B).

Within 14 days of the date upon which the Court grants preliminary approval of the settlement, Defendants will provide the Claims Administrator with a list, in electronic form, of the (1) names, (2) addresses, and (3) dates of employment of each class member. *Id.* ¶ 2.5(A). Within 42 days of the date upon which the Court grants preliminary approval, the Claims administrator shall mail, via First Class United States mail, postage prepaid, the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing to all Class Members. *Id.* ¶ 2.5(B).

Within 35 days of the "Effective Date" the Claims Administrator will distribute the Settlement Fund through the following payments: (1) paying Plaintiff's Counsels' Court-approved attorneys' fees and costs; (2) Paying the Claims Administrator; (3) Paying Court-approved service payment to the Named Plaintiff; (4) Paying Qualified Class Members their portion of the Settlement; and (5) All payroll tax. *See Id.* ¶ 3.1(C).

3

## II.   Release

The Settlement Agreement provides that every Class Member who does not timely opt out of the settlement will release Defendants from all New York Labor Law claims that were brought in the Litigation or that are based on the same facts and circumstances as the claims brought in the Litigation through the date upon which the Court grants preliminary approval of the settlement. *See Id.* ¶ 4.1. Each Qualified Class Member who is also an FLSA Class Member shall also release Defendants from all Fair Labor Standards Act claims that were brought in the litigation or that are based on the same facts and circumstances brought in the Litigation through the date upon which the Court grants preliminary approval of the settlement. *Id.*

## III.   Eligible Employees

The proposed Rule 23 Class Members consists of all individuals in the Tableting, Encapsulation, Pharmacy, Blending, Cleaning and Coating departments who performed work as non-exempt employees between August 4, 2009 and August 15, 2015, except that any individual who timely submits an exclusion request shall not be included in the Rule 23 Class. *Id.* ¶ 1.15.

## IV.   Allocation Formula

Each Class Member who does not opt-out of the settlement will receive a proportional share of the Net Settlement Fund ("NSF") based on the number of weeks worked by the Class Member during the relevant periods. *See Id.* ¶ 3.4. Specifically, Class Members will be assigned 1 point for every week worked between August 4, 2009 through August 4, 2015. *Id.*

## V.   Attorneys' Fees and Costs

Plaintiff's Counsel will apply for thirty-three and one third (33 1/3%) of the GSP as attorneys' fees. *Id.* ¶ 3.2(A). This is a typical fee award in the Second Circuit. *See, e.g., Kochilas v. Nat'l Merch. Servs.*, No. 1:14-cv-00311, 2015 U.S. Dist. LEXIS 135553, at *20 (E.D.N.Y. Oct. 2, 2015) (granting class counsel 33% of settlement fund in wage and hour class

4

action). Plaintiff's Counsel will also seek reimbursement of reasonable litigation costs and expenses from the Fund. *See* Exhibit A to the Moser Aff., Settlement Agreement ¶ 3.2(A). The Court need not rule on fees and costs now. Plaintiff's counsel will file a formal motion for approval of fees and costs along with Plaintiff's motion for final approval of the settlement. *See* Fed. R. Civ. P. 23(h) & 54(d)(2). The Settlement Agreement is not conditioned on the award of attorneys' fees and explicitly states that such award should be considered separately. *See Id.* ¶ 3.2(B).

## CLASS ACTION SETTLEMENT PROCEDURE

Courts have established a defined procedure and specific criteria for settlement approval in class action settlements that include three distinct steps:

1. Preliminary approval of the proposed settlement after submission to the Court of a written motion for preliminary approval and certification of the settlement class;

2. Dissemination of mailed and/or published notice of settlement to all affected class members; and

3. A final settlement approval hearing at which class members may be heard regarding the settlement, and at which argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented.

*See* Fed. R. Civ. P. 23(e); Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("Newberg") §§ 11.22 *et seq.* (4th ed. 2002). With this motion, the Parties jointly request that the Court take the first step – granting preliminary approval of the Settlement Agreement, conditionally certifying the settlement class, appointing Plaintiff's counsel as class counsel and approving the proposed Settlement Notice and authorizing the Claims Administrator to send it.

The parties respectfully submit the following proposed schedule for final resolution of this matter for the Court's consideration and approval:

1. No later than 35 days after the Court grants final approval of the settlement, Defendants shall pay the Claims Administrator $100,000.00 by deposit into the interest bearing Escrow Account. *See* Id. ¶ 3.1(B).

2. Within 14 days after preliminary approval, Defendants will provide the Claims Administrator with a list, in electronic form, of the names, addresses and dates of employment of each Class Member who worked during from August 4, 2009 through August 4, 2015. *See* Id. ¶ 2.5(A).

3. If any Notices are returned to the Claims Administrator as undeliverable, the Claims Administrator will attempt one re-mailing per Class Member. The Claims Administrator shall mail, postage prepaid, the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing to all Class Members. *See Id.* ¶ 2.5(C).

4. Class Members will have 45 days from the date the Settlement Notice is mailed to opt out of the settlement or object to it ("Notice Period"). *See Id.* ¶¶ 2.6(A), 2.7(A).

5. Plaintiff will file a Motion for Final Approval of Settlement within 14 days of the fairness hearing. *See Id.* ¶ 2.8.

6. After the fairness hearing, if the Court grants Plaintiff's Motion for Final Approval of the Settlement, the Court will issue an Order Granting Final Approval. *See Id.* ¶ 2.9. If no party seeks an appeal of the Court's Final Order and Judgment, the "Effective Date" of the settlement will be 30 days following the Court's Order Granting Final Approval. *See Id.* ¶ 1.9. If there is an appeal of the Court's decision granting final approval, the "Effective Date" will be upon the day after all appeals are resolved in favor of the final approval. *Id.*

7. Within 35 days of the Effective Date, the Claims Administrator will distribute the GSP. *See Id.* ¶ 3.1(C).

## ARGUMENT

### I.   Preliminary Approval of the Settlement Is Appropriate

The law favors compromise and settlement of class action lawsuits. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (noting the "strong judicial policy in favor of settlements, particularly in the class action context") (internal citation omitted). The approval of a proposed class action settlement is a matter for the discretion of the trial court. *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995). "In exercising this discretion, courts should give weight to the parties' consensual decision to settle class action

cases because they and their counsel are in unique positions to access potential risks." *Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693 (PGG), 2013 U.S. Dist. LEXIS 61643, at *3 (S.D.N.Y. Apr. 30, 2013) (citation omitted).  At the first step in the settlement process, preliminary approval "simply allows notice to issue to the class and for Class Members to object to or opt-out of the settlement." *Id.*

Preliminary approval requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties.  *Clark v. Ecolab, Inc.*, No. 7-Civ-8623 (PAC), 2009 U.S. Dist. LEXIS 108736, at *14-15 (S.D.N.Y. Nov. 17, 2009) (citing *Newberg* § 11.25).  Nevertheless, courts often grant preliminary settlement approval without requests for a hearing or a court appearance.  *Sukhnandan v. Royal Health Care of Long Island LLC*, No. 12-Civ-4216 (WHP) (RLE), 2013 U.S. Dist. LEXIS 126004, at *1 (S.D.N.Y. Sept. 3, 2013).  To grant preliminary approval, the court need only find that there is "'probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980); *see Newberg* § 11.25 ("If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness … and appears to fall within the range of possible approval," the court should permit notice of the settlement to be sent to class members).

"Fairness is determined upon review of both the terms of the settlement agreement and the negotiating process that led to such agreement." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005).  A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.  *Lovaglio v. W & E Hospitality Inc.*, No. 10 Civ. 7351 (LLS), 2012 U.S. Dist. LEXIS 72645, at *1 (S.D.N.Y. Mar. 12, 2012) (granting preliminary approval where

settlement was "the result of extensive, arm's length negotiations by counsel well-versed in the prosecution and defense of wage and hour class and collective actions"). "Absent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *Kochilas*, 2015 U.S. Dist. LEXIS 135553, at *8 (quoting *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, Nos. 05-Civ-10240 (CM), 2007 U.S. Dist. LEXIS 57918, at *12 (S.D.N.Y. July 27, 2007)).

## A.   The Settlement is Fair, Reasonable and Adequate

In evaluating a class action settlement, courts in the Second Circuit consider the nine factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000). Although the Court need not evaluate the *Grinell* factors in order to conduct its initial evaluation of the settlement, it may be useful for the Court to consider the criteria upon which it will ultimately judge the settlement. The *Grinnell* factors are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. 495 F.2d at 463. Applied here, the *Grinell* factors weigh in favor of approval of the Settlement Agreement and preliminary approval.

### 1.   Litigation Through Trial Would Be Complex, Costly and Long (*Grinnell* Factor 1)

By reaching a favorable settlement prior to dispositive motions or trial, Plaintiff seeks to avoid significant expense and delay and ensure a speedy, risk-free recovery for the class.

"Most class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them." *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000), *aff'd sub nom.* This case is no exception, with approximately 115 Class Members and fact-intensive claims under both federal and state law.

Although there has been significant discovery, with Defendants producing to Plaintiff hundreds of documents, additional discovery would be required to establish liability and damages, including depositions of Plaintiff, Class Members, Defendants, and Defendants' managers. A fact-intensive trial would be necessary. A trial on damages would be costly and would further defer closure. Any judgment would likely be appealed, thereby extending the duration of the litigation. This settlement, on the other hand, makes monetary relief available to class members in a prompt and efficient manner.

2.   The Reaction of the Class Has Been Positive (*Grinell* Factor 2)

"It is well-settled that the reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy." *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 362 (S.D.N.Y. 2002). Here, the named Plaintiff has expressed her approval of the settlement terms by signing the Settlement Agreement. *See* Exhibit A to the Moser Aff., Settlement Agreement, P. 16. After notice issues and Class Members have had an opportunity to weigh in, the Court can more fully analyze this factor.

3.   Discovery Has Advanced Far Enough To Allow The Parties To Responsibility Resolve The Case (*Grinell* Factor 3)

The parties have completed enough discovery to recommend settlement. The pertinent question is "whether counsel had an adequate appreciation of the merits of the case before negotiating." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 537 (3d Cir. 2004) (quoting *In re Cendant Corp. Litig.*, 201, 235 (3d Cir. 2001)) (internal quotation marks omitted); *see also*

*Odom v. Hazen Transport, Inc.*, 275 F.R.D. 400, 411 (W.D.N.Y. 2011) ("While the parties need not have engaged in extensive discovery, a sufficient factual investigation must have been conducted to afford the court the opportunity to 'intelligently [ ] make ... an appraisal' of the Settlement."). Based on the proceedings in this case to date, the parties were well-equipped to evaluate the strengths and weaknesses of the case.

4. Plaintiffs Would Face Real Risks If The Case Proceeded (*Grinell* Factor 3)

While Plaintiff perceives her case as strong, it is not without risk. "Litigation inherently involves risks." *In re PaineWebber Ltd. P'ships Litig.*, 171 F.R.D. 104, 126 (S.D.N.Y. 1997). Indeed, "[i]f settlement has any purpose at all, it is to avoid a trial on the merits because of the uncertainty of outcome." *In re Haupt & Co.*, 304 F. Supp. 917, 934 (S.D.N.Y. 1969); *see also Karic v. Major Auto. Cos.*, No. 09-CV-5708 (CLP), 2016 U.S. Dist. LEXIS 57782, at *19 (E.D.N.Y. Apr. 27, 2016). In weighing the risks of establishing liability and damages, the Court "must only weigh the likelihood of success by the plaintiff class against the relief offered by the settlement." *Garcia v. Pancho Villa's of Huntingon Vill.*, No. 09-CV-486 (ETB), 2012 U.S. Dist. LEXIS 144446, at *12 (E.D.N.Y. Oct. 4, 2012).

Given the fact-intensive nature of Plaintiff's claims, a trial on the merits would involve significant risk, particularly with respect to the minimum wage and overtime claims because of their fact-intensive nature. The proposed settlement alleviates this uncertainty. Thus, this factor weighs in favor of preliminary approval.

5. Establishing A Class And Maintaining It Through Trial Would Not Be Simple (*Grinnell* Factor 6)

The risk of obtaining class certification and maintaining it through trial is also present. The Court has not yet certified the class under Rule 23, and such a determination would likely be reached only after another round of extensive briefing. Defendants would likely argue,

in connection with a Rule 23 motion, that individual questions preclude class certification pursuant to *Comcast Corp.*, 133 S. Ct. 1426 (2013). If a class is certified, Defendants would likely seek permission to file an interlocutory appeal pursuant to Federal Rule of Civil Procedure 23(f). Risk, expense and delay permeate such a process. Settlement eliminates this risk, expense and delay. Thus, this factor too favors preliminary approval.

### 6. Defendants' Ability to Withstand a Greater Judgment Is Not Assured (*Grinnell* Factor 7)

Even if Defendants could afford to pay more, a "defendant's ability to withstand greater judgment, standing alone, does not suggest that the settlement is unfair." *Garcia*, 2012 U.S. Dist. LEXIS 144446, at *13 (quoting *Frank*, 228 F.R.D. at 186). Therefore, this factor is neutral and does not preclude the Court from granting preliminary approval.

### 7. The Settlement Fund Is Substantial In Light Of The Possible Recovery And The Attendant Risks Of Litigation (*Grinnell* Factors 8 and 9)

The $100,000.00 settlement amount represents a good value given the risks of litigation and the collection risks discussed above, even though the recovery could potentially be greater if Plaintiffs succeed on all claims at trial and survived an appeal. Weighing the benefits of the settlement against the risks associated with proceeding in the litigation, the settlement amount is more than reasonable. "It is well-established that a cash settlement amounting to only a fraction of the potential recovery will not *per se* render the settlement inadequate or unfair." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 628 (9th Cir. 1982); *see also Karic*, No. 09-CV-5708 (CLP), at *30-31.

The determination of whether a settlement amount is reasonable "does not involve the use of a 'mathematical equation yielding a particularized sum.'" *Garcia*, 2012 U.S. Dist. LEXIS 144446, at *14 (quoting *Frank*, 228 F.R.D. at 186). "Instead, 'there is a range of

reasonableness with respect to a settlement – a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion.'" *Garcia* at 23 (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)). Moreover, when settlement assures immediate payment of substantial amounts to class members, "even if it means sacrificing 'speculative payment of a hypothetically larger amount years down the road,'" settlement is reasonable under this factor. *Sierra v. Spring Scaffolding LLC*, No. 12-cv-05160 (JMA), 2015 U.S. Dist. LEXIS 178006, at *17 (E.D.N.Y. Sept. 30, 2015).

II.   **Conditional Certification of the Rule 23 Settlement Class Is Appropriate**

The parties respectfully request that the Court conditionally certify the following Fed. R. Civ. P. 23 class for settlement purposes:

> All individuals in the Tableting, Encapsulation, Pharmacy, Blending, Cleaning and Coating departments who performed work as non-exempt factory employees between August 4, 2009 and August 15, 2015.

As discussed below, the Class meets all of the requirements for class certification for settlement purposes, and Defendants do not oppose provisional certification for the limited purpose of settlement. *See* Exhibit A to the Moser Aff., Settlement Agreement ¶ 2.2; *see also County of Suffolk v. Long Island Lighting Co.*, 710 F. Supp. 1422, 1424 (E.D.N.Y. 1989) ("It is appropriate for the parties to a class action suit to negotiate a proposed settlement of the action prior to certification of the class."), *aff'd in part, rev'd in part on other grounds*, 907 F.2d 1295 (2d Cir. 1990).

Under Rule 23(a), a class action may be maintained if all of the requirements of Rule 23(a) are met, as well as one of the requirements of Rule 23(b). "In the Second Circuit, 'Rule 23 is given liberal rather than restrictive construction, and courts are to adopt a standard of flexibility'" in evaluating class certification. *Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*, 237 F.R.D. 26, 31 (E.D.N.Y. 2006).

A.    **Numerosity**

Numerosity is satisfied when the class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Numerosity is presumed where a putative class has forty or more members. *Shahriar v. Smith & Wollensky Rest. Group, Inc.*, 659 F.3d 234, 252 (2d Cir. 2011) (citation omitted). Here, there are approximately 115 class members. Moser Aff. ¶ 22.

B.    **Commonality**

The proposed class also satisfies the commonality requirement, the purpose of which is to test "whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 n.13 (1982). The commonality requirement is satisfied where the injuries complained of by the plaintiff allegedly resulted from the same practice or policy that allegedly injured or will injure the proposed class members. *D.S. v. N.Y.C. Dep't of Educ.*, 255 F.R.D. 59, 71 (E.D.N.Y. 2008).

This case involves several common factual and legal issues. Plaintiff and Class Members all bring the identical claims that they were not paid time and one-half the full minimum wage when they worked over 40 hours in a workweek and that they were required to work off-the-clock. *See Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 615 (S.D.N.Y. May 8, 2012) (commonality satisfied where, among other allegations, plaintiffs claimed that defendant had policy of not paying all class members overtime pay).

C.    **Typicality**

The typicality requirement is also satisfied. "Like the commonality requirement, typicality does not require the representative party's claims to be identical to those of all class members." *Frank*, 228 F.R.D. at 182; *Karic*, 2016 U.S. Dist. LEXIS 57782 at *32 (applying the

same).  Typicality is satisfied "when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Grp.*, 960 F.2d 285, 291 (2d Cir. 1992).

Here, Plaintiff's claims arise from the same factual and legal circumstances that form the basis of Class Members' claims, namely, that Plaintiff and Class Members were subject to the same violations of the FLSA and NYLL while employed by Defendants.  *See Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 337 (S.D.N.Y. 2010) (finding typicality where "each class members' claim arises from the same course of events, produced by a single system, namely Defendants' system for collecting, explaining, representing, and distributing the service charge") (citations and internal quotation marks omitted).

### D.   Adequacy of the Named Plaintiffs

"The adequacy requirement exists to ensure that the named representatives will have an interest in vigorously pursuing the claims of the class, and ... have no interests antagonistic to the interests of other class members." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 268 (2d Cir. 2006).  "[O]nly a conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status."  *Dziennik v. Sealift, Inc.*, No. 05 Civ. 4659 (DLI)(MDG), 2007 U.S. Dist. LEXIS 38701, at *9 (E.D.N.Y. May 29, 2007) (quoting *Martens*, 181 F.R.D. at 259). Given that there is no evidence that Plaintiff's and Class Members' interests are at odds, the adequacy requirement is met.  *See Sierra Spring Scaffolding LLC*, No. 12-Civ.-5160 (JMA), 2015 U.S. Dist. LEXIS 178005, at *9 (E.D.N.Y. May 8, 2015) (finding that the plaintiffs satisfied Fed. R. Civ. P. 23(a)(4) "because Plaintiffs' interests [were] not antagonistic or at odds with Class Members").

E.    **Certification Is Proper Under Rule 23(b)(3)**

1.    Common Questions Predominate

To establish predominance, Plaintiffs must demonstrate that "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole . . . predominate over those issues that are subject only to individualized proof." *Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 108 (2d Cir. 2007). The essential inquiry is whether "liability can be determined on a class-wide basis, even when there are some individualized damage issues." *Id.* at 139. This case involves several common factual and legal issues. The alleged wage and hour violations – involving common operative facts stemming from corporate policies that affected class members in the same way – are sufficient to meet Rule 23(a)'s commonality factor.

2.    A Class Action Is A Superior Mechanism

The second part of the Rule 23(b)(3) analysis compares whether "the class action device [is] superior to other methods available for a fair and efficient adjudication of the controversy." *Green v. Wolf Corp.*, 406 F.2d 291, 301 (2d Cir. 1968); *Amchen Products, Inc. v. Windsor,* 521 U.S. 591, 617 (1997) ("The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights.").

Here, Plaintiff and Class Members have limited financial resources with which to prosecute individual actions. The class device will achieve economies of scale, conserve judicial resources, preserve public confidence in the integrity of the judicial system by avoiding the waste and delay of repetitive proceedings and prevent inconsistent adjudications of similar claims.

*Sukhnandan*, 2013 U.S. Dist. LEXIS 126004, at *1. A class action is the best mechanism to fairly and efficiently resolve Class Members' claims.

### III.  PLAINTIFF'S COUNSEL SHOULD BE APPOINTED CLASS COUNSEL

Steven J. Moser, P.C. (the "Firm") should be appointed as Class Counsel. Rule 23(g), which governs the appointment of class counsel for a certified class, sets forth criteria courts must consider in evaluating the adequacy of proposed counsel. *See* Fed. R. Civ. P. 23(g).  The Firm meets all relevant criteria. Plaintiff's counsel did substantial work identifying, investigating, prosecuting, and settling the claims; has substantial experience prosecuting and settling wage and hour class actions; is well-versed in wage and hour and class action law; and is well-qualified to represent the interests of the class. *See* Moser Aff. ¶¶ 23-25. A Court in the Eastern District has found the Firm to be adequate class counsel in wage and hour class and collective actions. *See, e.g., Mendez v. U.S. Nonwovens Corp.*, 314 F.R.D. 30, 60 (E.D.N.Y. 2016) (finding The Firm satisfies the standard set forth in Rule 23(g) and appointing it class counsel).

### IV.  THE PROPOSED CLASS NOTICE IS APPROPRIATE

The content of the proposed Settlement Notice, which is attached to the Moser Aff. as Exhibit B, fully complies with due process and Federal Rule of Civil Procedure 23(c)(2)(B). The Settlement Notice satisfies each of the requirements of the Rule and explains the basis on which each Class Member's award was determined, the allocation of attorneys' fees and costs, and provides specific information regarding the date, time, and place of the final approval hearing and how to object to or exclude oneself from the settlement. This information is adequate to put Class Members on notice of the proposed settlement and is well within the requirements of Rule 23(c)(2)(B). *See, e.g.*, Sukhnandan, 2013 U.S. Dist. LEXIS 126004, at *16 (class notice need only describe the terms of the settlement generally); *Tiro*, 2013 U.S. Dist. LEXIS 72826, at *15-16.

16

Within 42 days of the date upon which the Court grants Preliminary Approval, the Claims Administrator will mail the settlement notice to each Class Member. *See* Exhibit A to the Moser Aff., Settlement Agreement ¶ 2.5(B). The Claims Administrator will take all reasonable steps to obtain the correct address of any Class Members for whom notices are returned as undeliverable. *See Id.* Class members will then have 45 days to opt out of or object to the settlement. *Id.* ¶ 2.6(A).

## V.   PLAINTIFFS WILL SEEK APPROVAL OF THE FLSA SETTLEMENT

Plaintiff will seek approval of the FLSA claims separately from the Rule 23 claims. FLSA claims are brought as a "collective action," in which employees must affirmative "opt-in" to the litigation, unlike the procedure under Rule 23. *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 84-85 (S.D.N.Y. 2001) ("[t]here is no opt-in requirement, analogous to the procedure authorized by the FLSA, under the [NYLL]"). Because under the FLSA "parties may elect to opt in but a failure to do so does not prevent them from bringing their own suits at a later date," FLSA collective actions do not implicate the same due process concerns as Rule 23 actions. *McKenna v. Champion Intern. Corp.*, 747 F.2d 1211, 1213 (8th Cir. 1984). Accordingly, the high standard for approval of a class action settlement under Rule 23 does not apply to an FLSA settlement. When Plaintiff files her Motion for Final Approval of the Settlement, she will seek approval of the FLSA settlement.

17

## CONCLUSION

For the reasons set forth above, the parties respectfully request that the Court preliminary approve the settlement, conditionally certify the settlement class, retain Plaintiff's counsel as class counsel, approve the Settlement Notice and enter the proposed Order.

Respectfully submitted,

Steven J. Moser, P.C.
*ATTORNEYS FOR PLAINTIFF*
3 School Street, Suite 207B
Glen Cover, New York 11542
(516) 671-1150

By: _____
    STEVEN J. MOSER, ESQ.

Date: 12/21/2016

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANTS*
58 South Service Rd., Suite 250
Melville, New York  11747
(631) 247-0404

By: _____
    JEFFREY M. SCHLOSSBERG, ESQ.

Date: 12 - 16 - 16

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of December, 2016, the **MEMORANDUM OF LAW IN SUPPORT OF THE PARTIES' JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFF'S COUNSEL AS CLASS COUNSEL, AND APPROVAL OF THE PROPOSED NOTICE OF SETTLEMENT AND CLASS ACTION SETTLEMENT PROCEDURE** was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Eastern District's Local Rules and the Eastern District's Rules on Electronic Service upon the following parties and participants:

STEVEN J. MOSER, P.C.
STEVEN J. MOSER, ESQ.
3 SCHOOL STREET, SUITE 207B
GLEN COVE, NEW YORK 11542

*Attorney for Plaintiff and the Putative Class and Collective Members*

PAUL R. PICCIGALLO

4813-5681-2091, v. 2