## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LETICIA SANTAMARIA, individually and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>    - against -<br><br>NATURE'S VALUE, INC., RAM – FIN HOLDINGS, INC.; OSCAR RAMJEET, and JOHN DOE CORPORATIONS 1 THROUGH 10,<br><br><br>       Defendants. | **Civil Action No.** 15-cv-4535 (JMA)(GRB) |

### ~~[PROPOSED]~~ ORDER GRANTING THE PARTIES' JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFF'S COUNSEL AS CLASS COUNSEL, AND APPROVAL OF THE PARTIES' JOINT PROPOSED NOTICE OF SETTLEMENT

     The above-entitled matter came before the Court on The Parties' Joint Motion for Preliminary Approval of Settlement, Conditional Certification of the Settlement Class, Appointment of Steven J. Moser, P.C. as Class Counsel and Approval of the Proposed Notice of Settlement and Class Action Settlement Procedure ("Motion for Preliminary Approval").

### I.  PRELIMINARY APPROVAL OF SETTLEMENT

     1.   Based upon the Court's review of the Parties' Joint Memorandum of Law In Support of their Motion for Preliminary Approval and the Affidavit of Steven J. Moser ("Moser Aff.") and the exhibits attached thereto, the Court grants preliminary approval of the settlement memorialized in the Settlement Agreement and Release ("Settlement Agreement"), attached to the Moser Aff. as Exhibit A.

2.      The Court concludes that the proposed Settlement Agreement is within the range of possible settlement approval, such that notice to the Class is appropriate. The Court finds that the Settlement Agreement is the result of extensive, arm's length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

## II.   CONDITIONAL CERTIFICATION OF THE PROPOSED RULE 23 SETTLEMENT CLASS

3.      The Court finds that all of the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure are satisfied for settlement purposes.

4.      The Court provisionally certifies the following class under Fed. R. Civ. P. 23(e), for settlement purposes only ("Settlement Class"):

> All individuals in the Tableting, Encapsulation, Pharmacy, Blending, Cleaning and Coating departments who performed work as non-exempt factory employees between August 4, 2009 and August 15, 2015.

## III.   APPOINTMENT OF PLAINTIFF'S COUNSEL AS CLASS COUNSEL

5.      The Court appoints Steven Moser, P.C. as Class Counsel because the firm meets all of the requirements of Fed. R. Civ. P. 23(g).

## IV.   CLASS NOTICE

6.      The Court approves the proposed Notice of Settlement of Class Action Lawsuit, Certification of State Law Class, and Fairness Hearing ("Notice"), attached as Exhibit B to the Moser Aff., and directs its distribution to the class.

7.      The content of the Notice fully complies with due process and Fed. R. Civ. P. 23.

8.      Pursuant to Fed. R. Civ. P. 23(c)(2)(B), a notice must provide:

> The best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the

definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members pursuant to Rule 23(c)(30).

Fed. R. Civ. P. 23(c)(2)(B).

9.     The Notice satisfies each of these requirements and adequately puts class members on notice of the proposed settlement.

10.     The Notice describes the terms of the settlement, informs the class about the allocation of attorneys' fees and costs, and provides specific information regarding the date, time and place of the final approval hearing.

## V.     SETTLEMENT PROCEDURE

11.     The Court hereby adopts the following settlement procedure:

A. No later than 35 days after the Court grants final approval of the settlement, Defendants shall pay the Claims Administrator $100,000.00 by deposit into the interest bearing Escrow Account.

B. Within 14 days after preliminary approval, Defendants will provide the Claims Administrator with a list, in electronic form, of the names, addresses and dates of employment of each Class Member who worked during from August 4, 2009 through August 4, 2015.

C. If any Notices are returned to the Claims Administrator as undeliverable, the Claims Administrator will attempt one re-mailing per Class Member. The Claims Administrator shall mail, postage prepaid, the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing to all Class Members.

D. Class Members will have 45 days from the date the Settlement Notice is mailed to opt out of the settlement or object to it ("Notice Period").

E. Plaintiff will file a Motion for Final Approval of Settlement within 14 days of the fairness hearing.

F. After the fairness hearing, if the Court grants Plaintiff's Motion for Final Approval of the Settlement, the Court will issue an Order Granting Final

3

Approval.  If no party seeks an appeal of the Court's Final Order and Judgment, the "Effective Date" of the settlement will be 30 days following the Court's Order Granting Final Approval. If there is an appeal of the Court's decision granting final approval, the "Effective Date" will be upon the day after all appeals are resolved in favor of the final approval.

G. Within 35 days of the Effective Date, the Claims Administrator will distribute the Settlement Fund as provided in section 3.1(C) of the Settlement Agreement.

It is so ORDERED this __4th__ day of __January__, 2016.


_/s/ Gary R. Brown_
U.S.M.J.

4

4846-1547-6279, v. 1